UNITED STATES of America

v.

Joseph A. MACCHIA, a/k/a "Joseph Macchia, Sr.", Marat Balagula, Lawrence Macchia, George Macchia, Viktor Batuner, Michael Varzar, John Barberio, and Joseph L. Macchia, a/k/a "Joseph Macchia, Jr." and "Joey", Defendants.

No. CR 92–1147.

United States District Court, E.D. New York.

Jan. 26, 1994.

Stephen Huggard, U.S. Dept. of Justice, Northern Crim. Enforcement Section, Washington, DC, for plaintiff.

Howard D. Stave, Forest Hills, NY, for defendant Joseph A. Macchia.

Ephraim Savitt, New York City, for defendant Balagula.

Lefcourt & Dratel, P.C. by Gerald B. Lefcourt, New York City, for defendant Lawrence Macchia.

Newman & Schwartz by Robert Hill Schwartz, New York City, for defendant George Macchia.

Paul B. Bergman, New York City, for defendant Varzar.

Dilworth, Paxson, Kalish & Kaufman by J. Shane Creamer, Philadelphia, PA, for defendant Barberio.

Deinst, Serrins, Newman, O'Malley & Epstein by Kenneth I. Wirfel, New York City, for defendant Joseph L. Macchia, Jr.

## ORDER

WEXLER, District Judge.

This matter came before the Court on January 25, 1994 for oral argument of the defendants' motion to dismiss the indictment based upon alleged defects in the grand jury array. All of the defendants have joined in the motion, which was made in the first instance on behalf of defendants George Macchia and Michael Varzar.

■ The motion has two parts—statutory and constitutional. Both are without merit. The statutory portion of the motion was required to be filed within seven days of the date when the defendants discovered, or could have discovered through the exercise of diligence, the grounds for the motion. The defendants were aware since at least June, 1992 that the Hauppauge grand jury was investigating this case. Defense counsel have been aware of the grounds for their motion since 1991, as demonstrated by the transcript from the *Flake* hearing appended to their motion papers. Despite this knowledge, the defendants did not file this motion until almost three months after the superseding indictment was returned against them. This Court finds that the motion was not filed within the statutorily mandated time period. Accordingly, it is time barred.

■ Apart from its untimeliness, however, the motion lacks merit. The 1985 Jury Se-

lection Plan, read in its totality, provides for the impaneling of grand juries in the Long Island Division and the selection of grand jurors from the Long Island Division. The 1988 Jury Selection Plan, which this Court finds was implemented, also provides for the selection of grand jurors from the Long Island Division for Long Island grand juries. The selection procedures used complied with the Jury Selection and Service Act of 1968 and the Jury Selection Plans of 1985 and 1988. Assuming *arguendo* that any violation occurred, the defendants have failed to prove that any violation was substantial.

■ The constitutional portions of the motion are also denied. The defendants have failed to set forth a *prima facie* case that the jury selection procedures violated either the Fifth or Sixth Amendments. As defense counsel conceded at argument, the grand jury was selected randomly from a fair cross section of the Long Island Division in a racially neutral manner. The Long Island Division was created properly without any "gerrymandering" of the division line. There is no requirement that the grand jury be drawn from the entire judicial district. The defendants have failed to prove that there was any systematic or intentional exclusion of any social, religious, racial, or political group, and this Court finds that there was no such systematic or intentional exclusion.

The motion is denied.